IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, an Illinois corporation, individually and as the representative of a class similarly-situated persons,<br><br>                  Plaintiffs,<br><br>v.<br><br>TOPSAIL SPORTSWEAR, INC.,<br><br>                  Defendant. | FILED: OCTOBER 17, 2008<br>08CV5959<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE COLE<br>AO<br><br>Case No.: |

## NOTICE OF REMOVAL

Defendant, TOPSAIL SPORTSWEAR, INC.("TOPSAIL"), by and through its attorneys, LITCHFIELD CAVO LLP., and pursuant to 28 U.S.C. §1446(a) and 1453(b), hereby removes the above captioned action, pending in the Circuit Court of Cook County, Illinois as Case No. 2007 CH 22967 to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is based upon 28 U.S.C. § 1331 and 1441. For their petition, the defendant states as follows:

    1.    Plaintiff, PALDO SIGN AND DISPLAY COMPANY, on behalf of itself and purportedly for a class of those similarly situated, filed a complaint with the Circuit Court of Cook County, Illinois (the "State Court Case"). The State Court Case was given Case No. 2007 CH 22967.

    2.    The State Court Case alleges a violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"), violation of the Illinois Consumer Fraud Action ("ICFA"), 815 ILCS 505/2, <u>et seq</u>., and a common law claim for conversion. A true copy of the Complaint, together with its exhibits, and all process and pleadings served is attached hereto as Exhibit A.

1

3. This Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States, specifically the TCPA.

4. The State Court alleges that Defendant violated §227(b)(1)(C) of the TCPA by sending a unsolicited facsimile. Plaintiff further alleges that §227(b)(3) provides Plaintiff with a private right of action for violations on the TCPA.

5. This Court possesses original jurisdiction over all cases arising under the laws of the United States. 28 U.S.C. §1331. In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute. See, Brill v. Countrywide Home Loans, Inc., 427 F. 3d 446, 449-51(7th Cir. 2005)

6. This Court possesses removal jurisdiction under 28 U.S.C. §1441(a). TCPA actions may be removed because a claim that a business violated the TCPA is a claim under federal law. See, Brill at 449.

7. This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they are so related to the TCPA claim that they form part of the same cause or controversy. See 28 U.S.C. §1367. Supplemental jurisdiction should not be refused, as Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim. See 28 U.S.C. § 1367(c).

8. Plaintiff filed in the State Court on August 22, 2007. On September 29, 2008, Topsail was served with the Summons and Complaint in the State Court Case on 2007 CH 22967.

9. As such, this notice is being filed with the U.S. District Court for the Northern District of Illinois on October 17, 2008 within 30 days of determining that the case was removable to this Court. See 28 U.S.C. §1446(b)

10. This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. §1446(a).

11. Topsail is the only known defendant to have been served.

12. Defendant Topsail has also filed its "Notice of Filing Notice of Removal" with the Circuit Court of Cook County. A true copy of the Notice is attached hereto as Exhibit B and will be served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(a) and (d).

13. This Notice of Removal is signed in compliance with Fed. R. Civ. Pro. 11.

14. In the event Plaintiff moves for remand, or this Court considers remand sua sponte, Topsail respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

WHEREFORE, this Action should proceed in the United States District Court for the Northern District of Illinois, Eastern Division as an action properly removed thereto.

Dated: October 17, 2008

                                Respectfully submitted,

                                TOPSAIL SPORTSWEAR INC.,
                                Defendant

                By:     /s/ Stephanie W. Tipton
                                One of Its Attorneys

Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
Erin A. Potempa (06283772)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
312-781-6636 (Tipton)
312-781-6630 (fax)