IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PALDO SIGN AND DISPLAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 08 C 5959<br>Wayne R. Andersen<br>District Judge |
| TOPSAIL SPORTSWEAR, INC., | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM, OPINION AND ORDER

Before the court is defendant Topsail Sportswear Inc.'s motion to dismiss Counts II and III of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss [55] is granted.

**BACKGROUND**

On January 16, 2007, plaintiff Paldo Sign and Display Company received a fax from Topsail advertising its services. Paldo Sign did not solicit or give Topsail permission to send the fax. At the bottom of the fax, there was a phone number and a fax number for Paldo Sign to contact if it did not want to receive any future advertisements. The complaint alleges that Topsail sent the same or a similar fax to thirty-nine other recipients. Paldo Sign does not allege that it received any subsequent faxes from Topsail.

Paldo Sign filed a three-count complaint on August 22, 2007 in the Circuit Court of Cook County, Illinois. Count I is for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Count II is a claim for common law conversion. Count III is for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. The claim also

contains class allegations. On October 17, 2008, Topsail filed a Notice of Removal to this court and now seeks to dismiss Counts II and III of the complaint for failure to state a claim upon which relief can be granted.

## DISCUSSION

When evaluating a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Dismissal of an action under Rule 12(b)(6) is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. County of Boone, IL*, 483 F.3d 454, 458 (7th Cir. 2007).

I.  **Count II – Conversion**

Topsail first seeks to dismiss the claim for conversion alleged in Count II. Paldo Sign asserts that it has an absolute and unconditional right to possession and use of its fax machine, the toner used to print the fax, the paper the fax was printed on, and its employees' time in disposing of the fax. Paldo Sign claims that Topsail misappropriated these items and services to its own use when it sent the fax. To state a claim for conversion under Illinois law, a plaintiff must allege the following: (1) it has a right to the property; (2) it has an absolute and unconditional right to the immediate possession of the property; (3) it made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 184 Ill.2d 109, 114 (1998).

Topsail argues that by sending the fax, it never exercised control, dominion, or ownership over plaintiff's fax machine, toner or paper. Second, Topsail argues that the court should apply the maxim of *de minimus non curat lex* or "the law does not concern itself with trifles."

*Brandt v. Bd. of Educ. of City of Chicago*, 480 F.3d 460, 465 (7th Cir. 2007). In essence, Topsail argues, the total possible damages for the conversion claim can only amount to a few pennies, and that this fact merits dismissal of Count II.

Topsail's first argument is without merit. The material alteration of a chattel can constitute conversion, even if Topsail never took actual possession of the chattel. *See Loman v. Freeman*, 229 Ill.2d 104, 127-28 (2008). This view is also expressed in the Restatement (Second) of Torts § 226, cmt. B (1977), which states: "One who intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character is subject to liability for conversion to another who is in possession of the chattel or entitled to its immediate possession." In this case, the paper the fax was printed on was so materially changed that it could no longer be used to receive other faxes, or for any other practical matter. The same can be said for the toner used to print the fax. Therefore, there is technically an adequate basis for Paldo Sign's conversion claim.

However, the court is persuaded by Topsail's alternative argument raising the *de minimus* maxim. This venerable maxim "is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept." *Wisconsin Dept. of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). Arguably, the framers of the Bill of Rights incorporated this maxim into the Seventh Amendment, which limits the right to a jury trial in civil cases only when the amount in controversy exceeds twenty dollars. U.S. CONST. amend. VII. In *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976 (N.D. Ill. 2006), Judge Shadur acknowledged that "the ancient maxim 'de minimus non curat lex' might well have been coined" for a conversion claim brought by a plaintiff who alleges that it lost one page of paper and a

3

minuscule amount of toner during the printing of an unsolicited fax. 443 F. Supp 2d at 980. As alleged in the complaint, Topsail's damages could not amount to more than a few pennies. As such, this court concurs with Judge Shadur's reasoning in *Rossario* and finds the *de minimus* standard applicable in this case.

Paldo Sign contends that Illinois allows recovery of nominal damages in conversion cases, and, as such, the *de minimus* maxim is inapplicable. In other words, if Illinois allows for a judgment for conversion when there are no damages, a case should not be dismissed when there are actual damages, no matter how minuscule those damages may be. However, the concept of nominal damages and the *de minimus* maxim are two independent ideas that are mutually exclusive.

When a court awards nominal damages, it "presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved." *Brandt*, 480 F.3d at 465. For example, one may take another's laptop computer, valued at $1,000. When the plaintiff sues for the value of the computer, the harm is significant, i.e. $1,000. However, suppose during trial, the defendant returns the laptop to the plaintiff in the same state as when he took it. At this point, there would be no damages available except nominal damages, even though there was a "violation of sufficient gravity to merit a judgment" at the time of the lawsuit. *Brandt*, 480 F.3d, 465.

Under the *de minimus* maxim, there are never significant damages available, either at the time of the conversion, the time of the lawsuit, or during trial. In this case, the most Paldo Sign can hope to gain from a favorable judgment on Count II is a few pennies. This fact was true the moment the fax was printed, and has not changed since that point in time. Since the damages have been trivial since the time of the alleged wrongful conduct, the action constituting the

conversion cannot amount to a "violation of sufficient gravity to merit a judgment." *Brandt*, 480 F.3d, 465. For these reasons, the court applies the *de minimus* standard in this case, which warrants dismissal of Count II.

## II.     Count III – Illinois Consumer Fraud and Deceptive Business Practice Act

Count III of the complaint alleges that Topsail violated the Illinois Consumer Fraud and Deceptive Practices Act by sending the unsolicited fax. Paldo Sign alleges that Topsail's fax was an unfair business practice because it was against public policy, forced Paldo Sign to incur expense with no consideration in return, and made Paldo Sign pay for Topsail's advertisement. The Illinois Consumer Fraud and Deceptive Practices Act lists several different actions which trigger a violation of the statute. 815 ILCS 505/2A-2GGG. None of these statutory violations cover Topsail's conduct in this case.

However, when a defendant's actions are not covered by a listed action in the Illinois Consumer Fraud and Deceptive Practices Act, a plaintiff still can allege an independent claim under the statute. *Western Ry. Devices Corp. v. Lusida Rubber Products, Inc.*, No. 06 C 0052, 2006 WL 1697119, at *3 (N.D. Ill. June 13, 2006). This independent claim must allege that the defendant's conduct was either deceptive or unfair. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 417 (2002). For conduct to be deceptive, a plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce. *Id.* For conduct to be unfair, a plaintiff must allege: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Id.* However, not all these factors need to be present to support a claim of unfairness under the Illinois Consumer Fraud and Deceptive Practices Act. *Id.* A

5

particular act may be unfair under the Act because of the degree to which it meets one of the factors, or if to a lesser degree, it meets all three. *Id.*

In the complaint, Paldo Sign only alleges that Topsail's conduct was unfair. Thus, the court will only address that claim, and not whether Topsail's conduct was deceptive. The court will address each of the three factors for determining if Topsail's conduct was unfair, in turn. The first factor is whether the sending of an unsolicited fax advertisement offends public policy. *Robinson*, 201 Ill.2d at 417-18. There is little doubt that it does. In enacting the Telephone Consumer Protection Act, Congress found that the receiving of unsolicited fax advertisements was a nuisance to the public, and that public policy should limit this activity. Pub. L. 102-243, § 2, 105 Stat. 2394, 2394-95 (1991). The State of Illinois goes a step further and provides criminal sanctions for sending an unsolicited fax advertisement. 720 ILCS § 5/26-3(b) ("No person shall knowingly use a facsimile machine to send or cause to be sent to another person a facsimile of a document containing unsolicited advertising or fund-raising material . . . "). An offender is guilty of a petty offense and can be fined as much as $500. 720 ILCS § 5/26-3(c). Because both Congress and the Illinois General Assembly have enacted laws prohibiting the activity Topsail engaged in, it is clear that sending an unsolicited fax advertisement is against public policy. Therefore, the first factor weighs in favor of the Paldo Sign.

The second factor is whether the sending of an unsolicited fax advertisement is immoral, unethical, oppressive, or unscrupulous. *Robinson*, 201 Ill.2d at 417-18. "A practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer." *Western Ry.*, 2006 WL 1697119, at *5. Unfortunately, this definition cuts both ways. *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, No. 08 C 6992, 2009 WL 1957060, at *4 (N.D. Ill. July 8, 2009). The

conundrum appears because, by sending the fax, the Topsail gave Paldo Sign no meaningful choice in whether to receive the unsolicited fax. However, it is unlikely that the sending of the fax placed an unreasonable burden on Paldo Sign. Courts in this district are split on whether the sending of an unsolicited fax advertisement constitutes immoral, unethical, oppressive, or unscrupulous behavior under the Illinois Consumer Fraud and Deceptive Practices Act. *Compare Centerline Equipment Corp. v. Banner Personnel Service, Inc.*, 545 F. Supp. 2d 768, 780 (N.D. Ill. 2008), *and Sadowski v. Med 1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892, at *7 (N.D. Ill May 27, 2008) (both holding that the plaintiff has proved the second *Robinson* factor because the defendant's conduct gave the plaintiff no meaningful choice), *with Western Ry.*, 2006 WL 1697119, at *5, *and Stonecrafters*, 2009 WL 1957060, at *4 (both holding that the plaintiff failed to prove the second *Robinson* factor because the defendant's conduct did not place an unreasonable burden on the plaintiff).

This court is persuaded by the latter line of cases. Topsail's actions did not place an unreasonable burden on Paldo Sign by sending the fax. The only burden placed on Paldo Sign was to throw the fax in the trash. This deed can hardly be classified as "unreasonable." Therefore, the second factor falls in favor of Topsail.

Finally, the third factor asks whether Topsail's conduct caused substantial injury to consumers. *Robinson*, 201 Ill.2d at 417-18. The sending of a single, one page, unsolicited fax does not cause substantial injury to its recipient. As discussed above, the injury is *de minimus* because it only amounts to a few pennies. Paldo Sign counters by stating that, taken in the aggregate, all the faxes sent by Topsail to Illinois consumers constitutes significant harm. This argument fails for two reasons. First, there has been no class certification in this case. As such, Paldo Sign is the only plaintiff, and the harm to it is *de minimus*.

Even assuming the class was certified, the claim still would fail. A putative class representative must have a valid claim of its own before purporting to represent the entire class. *Western Ry.*, 2006 WL 1697119, *6 (citing *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581 (1st Dist. 2004)). As discussed above, Paldo Sign does not have a valid claim of its own. In addition, aggregating the harm of all potential class members does not raise the injury to a substantial level. The complaint alleges that there are as many as thirty-nine other recipients of Topsail's unsolicited faxes in Illinois. Giving the extremely generous amount of 20¢ to each potential plaintiff still only brings the harm to $8.00. *See Stonecrafters*, 2009 WL 1957060, at *5. This injury is not substantial. For all of these reasons, Paldo Sign's argument is without merit, and the third *Robinson* factor weighs in favor of Topsail.

Aalyzing all three of the *Robinson* factors together, the court holds that Paldo Sign has failed to state a claim for which relief can be granted under the Illinois Consumer Fraud and Deceptive Practices Act, and Count III must be dismissed.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum, Opinion and Order, defendant Topsail Sportswear Inc.'s motion to dismiss Counts II and III of plaintiff's complaint [55] is granted, and Counts II and II are dismissed with prejudice.

_____
/Wayne R. Andersen
United States District Judge

Dated: January 15, 2010

*Wayne Andersen*