IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PALDO SIGN AND DISPLAY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 5959 |
| ) | |
| TOPSAIL SPORTSWEAR, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Paldo Sign and Display Co. has sued Topsail Sportswear, Inc., alleging that it violated of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(C). Paldo Sign has moved to certify the case a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). For the reasons stated below, the Court grants Paldo Sign's motion.

### Facts

The Court takes the following facts from the parties' submissions in connection with the motion to certify.

Topsail, which is based on North Carolina, provides design services to the embroidery industry and offers embroidered products to end users of apparel. The company's vice president, with the approval of his brother, who is the majority owner and who makes most of the company's advertising decisions, purchased a list of companies and their fax numbers from an entity called InfoUSA.

Topsail personnel created advertisements, which the company then sent via fax broadcasting to fax numbers that came from the list it had purchased from InfoUSA. Before sending the fax advertisements, Topsail did not do any checking to see if any of the entities had a prior business relationship with Topsail, nor did it seek the recipients' consent.

Robert Biggerstaff, a consultant retained by Paldo Sign's counsel, has reviewed the fax lists that Topsail obtained from InfoUSA and telephone records regarding Topsail obtained from AT&T. He reports that from January 5, 2006 through September 24, 2007, Topsail successfully faxed a total of 31,101 advertisements to 10,530 unique fax numbers that were contained in the InfoUSA lists. Paldo Sign itself received four faxed advertisements from Topsail.

## Discussion

A court may certify a case as a class action if the party seeking certification meets all the requirements of Rule 23(a) and one of the requirements of 23(b). Under Rule 23(a), the party seeking certification must demonstrate that the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the proposed class; the class representative's claims are typical of the claims of the class; and the representative will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4).

In this case, Paldo Sign seeks certification under Rule 23(b)(3). To succeed, in addition to the preceding requirements, Paldo Sign must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the

fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Paldo Sign bears "the burden of demonstrating that certification is appropriate." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The Court need not rely solely on the allegations in Paldo Sign's complaint in assessing whether to certify a class but instead "should make whatever factual and legal inquiries are required under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001).

**1.    Uncontested Rule 23 requirements**

Topsail does not dispute that Paldo Sign has made the necessary showing of numerosity and adequacy of representation. Based on the material submitted to the Court, there are more than 10,000 members of the proposed class, which is more than sufficient. The Court also finds that Paldo Sign, which received multiple faxes from Topsail, is an adequate class representative, and that its counsel have sufficient experience and skill to represent the class adequately.

**2.    Typicality, commonality, and predominance**

Topsail argues that Paldo Sign has failed to show that there are questions of law or fact common to the class and that its claims are typical of those of the class. The argument that commonality is lacking borders on the frivolous. This requirement is satisfied when the class members' claims arise from a common nucleus of operative fact. *See, e.g., Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). That is unquestionably the case here. The evidence presented to the Court reflects that Topsail acted with regard to the class in a common and consistent way and engaged in

3

a standardized course of conduct out of which the class members' alleged injuries arise. Paldo Sign has met the commonality requirement.

Topsail's argument regarding typicality focuses on the issue of consent to receive faxed advertisements. It argues that the question of whether any particular recipient had given permission for sending it faxed advertisements is an important issue that must be determined on an individual basis.

The typicality requirement focuses on "whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *see also, e.g., Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). The proposed class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise the claims of the other class members and [their] claims are based on the same legal theory." *De La Fuente*, 713 F.2d at 232.

That is the case here. The claims of each class member arise from a common alleged course of conduct on the part of Topsail. There are unlikely to be any factual differences (at least not any significant ones) relating to each class member's receipt of a faxed advertisement. This is not a case in which, for example, a particular recipient's reliance is an issue, or in which individualized circumstances will have any bearing on damages. *See* 47 U.S.C. § 227(b)(3)(B) (providing for statutory damages in TCPA cases).

Topsail's argument is that there is no way of telling which class members may have consented to receipt of a faxed advertisement. But it is speculative at best that consent will even be an issue in the case. The manner in which Topsail obtained and

4

used the fax numbers likely rules out the possibility of individualized consent defenses. When, as in this case, a sender of a fax obtains the recipient's number from a source outside the recipient's public information (such as a website or a telephone directory), "the sender must take reasonable steps to verify that the recipient agreed to make the number available for public distribution." 47 C.F.R. § 64.1200(a)(3)(ii)(B). Topsail appears to have purchased its fax numbers from a commercial source, and based on the depositions of its personnel, it took no steps to obtain or verify consent but rather just broadcast advertisements to the recipients. Given these circumstances, consent is highly unlikely to be an issue. In any event, evidence regarding consent would be in Topsail's hands if it is anywhere, yet Topsail has offered nothing to suggest that any of the recipients might have consented to receive faxed advertisements.

For these reasons, the Court concludes that Paldo Sign has met the typicality requirement.

The final disputed issue involves the predominance requirement of Rule 23(b)(3). Topsail advances essentially the same argument regarding consent that it offered in connection with the issue of typicality. The Court rejects the argument for the reasons just stated. Given the circumstances of this case, and that fact that any individual recipient's damages are likely to be modest, Paldo Sign has demonstrated that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for class

certification [docket no. 77]. The Court certifies a class consisting of all persons who were successfully sent a Topsail Sportswear advertisement during the company's fax transmissions to the fax numbers contained in its InfoUSA text files during the period from January 5, 2006 through September 24, 2007. The Court directs the parties to confer to attempt to agree on the form of a proposed class notice, to be submitted by no later than December 10, 2010. The case is set for a status hearing on December 15, 2010 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Court

Date: November 29, 2010

6