IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                 Plaintiff,<br><br>v.<br><br>TOPSAIL SPORTSWEAR, INC.,<br><br>                 Defendant. | Case No.: 1:08-cv-05959<br><br>Judge Kennelly |

## ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT

The matter coming before the Court on Plaintiff's Motion in Support of Final Approval of Class Action Settlement (Doc. 106), and Plaintiff's Amended Motion for Award of Attorney Fees, Incentive Award, and Out-of-pocket Expenses (Doc. 113), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

     1.    This Court has jurisdiction over the parties, the members of the Settlement Class, Hartford Casualty Insurance Company, and the claims asserted in this lawsuit.

     2.    Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3. The Settlement Class is defined as follows:

All persons to whom Defendant sent advertising facsimiles during the period January 5, 2006 through September 24, 2007 without their prior express invitation or permission.

Excluded from the Settlement Class are Topsail Sportswear, Inc. ("Topsail") and its insurers, including any parent, subsidiary, affiliate or controlled person of Topsail or its insurers, as well as its officers, directors, agents, servants or employees of Topsail or its insurers and the immediate family members of such persons.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. Upon the Declaration of Andrew Barnett (Doc. 102), the Court finds that the notice was given to Class Members, and finds that such notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1).

6. Upon the Declaration of Stephanie Tipton (Doc. 110), the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. No objection was received and no party appeared in Court at the fairness hearing to object to the settlement.

8. The following six persons have excluded themselves from the Settlement Class: (1) WGV Promotions, Inc. dba Walking Billboards, 2302 Frontage Road South, Waite Park, MN 56387; (2) Sterling Impressions, Inc., 6109 Guion Rd., Indianapolis, IN 46254-1223; (3) Causley Productions, 205 W. 9th Ave., Stillwater,

OK 74074; (4) Universal Thread & Scallop, 510 73rd Street, North Bergen, NJ 07047; (5) Precision Signz, 1055 Valley Drive, Bettendorf, IA 52722; and (6) First Edition, P.O. Box 21, Pittsburgh, KS 66762.

9. After due consideration of the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; the range of the Settlement Class's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate, and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the class members. Each class member (except those who have previously excluded themselves from the Settlement Class by submitting a Notice to Class Counsel indicating that they are opting out and are listed in Paragraph 8 above) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in that Settlement Agreement.

10. Hartford Casualty Insurance Company ("Hartford") has created a settlement fund (the "Settlement Fund") of $2,000,000.00 to pay all claims by members of the Settlement Class, to pay Class Counsel's fees and out-of-pocket expenses, and to pay the Class Representative's incentive award. Unclaimed monies

in the Settlement Fund shall remain with Hartford. Topsail shall not be responsible for making any payments, except through its insurance with Hartford.

11. As agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will receive a check in the amount of $42.00 for each fax advertisement Topsail successfully sent to them, as reflected in the Database. Checks issued to the claiming Class members will be void ninety-one (91) days after issuance and any amount from void checks shall be refunded to Hartford.

12. Pursuant to the parties' agreement, the Court approves Class Counsel's attorney's fees in the total amount of $666,666.66 and out-of-pocket expenses in the amount of $28,816.46. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13. Pursuant to the parties' agreement, the Court approves a $9,500.00 incentive award to plaintiff, Paldo Sign and Display Company, for serving as the Class Representative. In accordance with the Settlement Agreement, this amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15. Topsail is hereby enjoined from future violation of the TCPA. Topsail shall not send any advertisement by facsimile without first obtaining the prior express invitation or permission of the intended recipient.

16. This action, including all claims against Topsail asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Class members against Topsail, is hereby dismissed with prejudice and without taxable costs to any Party.

17. All claims or causes of action of any kind by any Class member brought in this Court or any other forum (other than persons who have opted out of this action previously or this Settlement) are barred pursuant to the Releases set forth in the Settlement Agreement. Class members are enjoined from instituting, either directly or indirectly, any action against Topsail in this Court or in any other court or forum, asserting any claims that are being settled or released herein, including any claim about advertising faxes from Topsail that was or could have been brought in this action pursuant to the Releases set forth in the Settlement Agreement.

18. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Order do not for any reason become effective, or (c) the Settlement Agreement or this Order is reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Order shall be void and shall be deemed vacated.

19. For 90 days after entry of this Order, the Court retains continuing jurisdiction over this action, Paldo and all members of the Settlement Class, Topsail, and Hartford to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court retains jurisdiction to enforce this Order.

20. The Court finds that there is no just reason to delay the enforcement of or appeal from this Order.

BY ORDER OF THE COURT

Dated: Dec. 21, 2011                   ___s/ Matthew F. Kennelly_____
                                       Honorable Matthew F. Kennelly